**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
PH: (602) 445-8000
FAX: (602) 445-8100

Michael T. Reynolds, SBN 016719
e-mail: reynoldsm@gtlaw.com
Keriann M. Atencio, SBN 020821
e-mail: atenciok@gtlaw.com
Attorneys for Liquidation Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>STYLING TECHNOLOGY CORPORATION, et al.,<br>Debtors. | In Proceedings Under<br>Chapter 11<br><br>Case No. 00-09473-ECF-CGC<br>through 00-09483-ECF-CGC<br>(Jointly Administered) |
| STYLING TECHNOLOGY CORPORATION, et al.,<br>Plaintiffs,<br>v.<br>RNA CORPORATION,<br>Defendant. | Adversary Proceeding No. 02-1055<br><br>**PLAINTIFFS' MOTION TO APPROVE SETTLEMENT AGREEMENT WITH RNA CORPORATION** |

Styling Technology Corporation, et al. (the "Plaintiffs" or "Debtors"), by and through the Liquidation Trustee, represented herein by undersigned counsel, hereby files its *Motion to Approve Settlement Agreement with RNA Corporation* (the "Motion"). In support of the Motion, the Plaintiffs submit the attached Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED this 9th day of March, 2004.

GREENBERG TRAURIG, LLP

By: /s/ Michael T. Reynolds
Michael T. Reynolds, Esq.
Keriann M. Atencio, Esq.
Attorneys for Liquidation Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On or about August 31, 2000 (the "Petition Date"), the Plaintiffs filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Plaintiffs filed their Amended Complaint (the "Amended Complaint") in this action against RNA Corporation (the "Creditor" or "Defendant") on or about September 30, 2002.

3. The Plaintiffs have asserted that they made transfers totaling $182,722.08 (the "Preference Claim") within 90 days of the Petition Date to Defendant that are avoidable under the provisions of Section 547 of the Bankruptcy Code.

4. Following good faith negotiations, the Plaintiffs and the Defendant desire to settle and compromise the Preference Claim on the terms set forth in the settlement agreement, fully executed and attached herewith as "Exhibit A" (the "Settlement Agreement").

5. The Defendant has agreed to pay the sum of $52,500.00, in full and final settlement of its alleged liability for the avoidance and recovery of preferential payments ("Settlement Payment").

6. Pursuant to the Order Approving Motion to Establish Settlement Procedures and Parameters Regarding Preference Claims Pursuant to Bankruptcy Rule 9019(b) (the "Order") entered by this Court on September 13, 2002, Preference Claims greater than $100,001.00 must meet a minimum recovery of at least 85% of the total dollar value of the Preference Claim. A copy of the Order is attached herewith as "Exhibit B."

7. The Settlement Payment agreed to by the Plaintiffs and Defendant does not fall within the settlement procedures and parameters established for the above-captioned case.

8. Federal Rule of Bankruptcy Procedure 9019 provides, in pertinent part, that "[o]n motion by the Trustee and after notice of a hearing, the Court may approve a

\\phx-srv01\1402333v01

-2-

Case 2:02-ap-01055-CGC    Doc 11    Filed 03/09/04    Entered 03/09/04 15:08:04    Desc
Main Document    Page 2 of 20

compromise or settlement." Fed.R.Bankr.P. 9019(a). "The Bankruptcy Court has great latitude in approving compromise agreements." In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988). However, the Court "may approve a compromise only if it is 'fair and equitable.'" Id. quoting In re A&C Properties, 784 F.2d 1377, 1380-81 (9th Cir. 1986).

9. In determining whether a compromise is fair and equitable, the Court must consider "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper difference to their reasonable views in the premises." Woodson at 620, quoting, A&C Properties at 1381.

10. There is sufficient business justification for the Debtors to enter into the Settlement Agreement. Approval of the Settlement Agreement avoids litigation, with the costs, risks and uncertainty that would otherwise be required to resolve the Preference Claim. Accordingly, the Debtors believe that the Settlement Agreement is appropriate and should be approved.

11. The Settlement Agreement is in the best interests of the Debtors, their Estates and creditors, as it provides for a resolution of significant litigation, the results of which are inherently uncertain.

12. By this Motion, Plaintiffs seek approval of the Settlement Agreement.

**WHEREFORE**, the Plaintiffs respectfully request this Court enter an order approving the Settlement Agreement, and for such other and further relief as this Court deems just and appropriate.

RESPECTFULLY SUBMITTED this _9th_ day of March, 2004.

GREENBERG TRAURIG, LLP

By: _/s/ Signature_
Michael T. Reynolds, Esq.
Keriann M. Atencio, Esq.
Attorneys for Liquidation Trustee

\\phx-srv01\1402333v01

-3-

Case 2:02-ap-01055-CGC    Doc 11   Filed 03/09/04   Entered 03/09/04 15:08:04   Desc
Main Document    Page 3 of 20

| | |
|---|---|
| 1 | **COPIES** of the foregoing served by U.S. Mail, postage prepaid, the ___ day of March, 2004, on: |
| 2 | STYLING TECHNOLOGY CORPORATION |
| 3 | c/o Law Offices of Michael W. Carmel, Ltd. 80 East Columbus Avenue |
| 4 | Phoenix, AZ 85012 Liquidation Trustee |
| 5 | RNA CORPORATION |
| 6 | c/o Daniel E. Beederman SCHOENBERG, FISHER, NEWMAN & |
| 7 | ROSENBERG, LTD. 222 South Riverside Plaza |
| 8 | Suite 2100 Chicago, Illinois 60606 |

*/s/ [signature]*

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

# EXHIBIT A

In re Styling Technology Corporation, et al.
Chapter 11, Bankruptcy Case Nos. 00-09473 through 00-09483-ECF-CGC
(Jointly Administered)

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT by and between Styling Technology Corporation, et al. ("Debtors") and RNA Corporation ("Creditor"), (collectively, the "Parties") is made and entered into as of May 19, 2003.

WHEREAS, on August 31, 2000, the Debtors filed a petition for relief under Chapter 11 of the United States Code in the United States Bankruptcy Court for the District of Arizona, Phoenix Division ("Court"), Case Nos. 00-09473 through 00-09483-ECF-CGC (the "Case"); and

WHEREAS, the Debtors have asserted that the Debtors made transfers totaling $182,722.08, to Creditor that are avoidable under the provisions of 11 U.S.C. § 547; and

WHEREAS, the Debtors have filed an Adversary Proceeding against Creditor in Adversary Number 02-1055 ("Adversary Proceeding"); and

WHEREAS, the Creditor has denied liability for any alleged preferential transfers and has asserted new value and/or ordinary course of business defenses to the transfer; and

WHEREAS, following good faith negotiations, the Debtors and the Creditor desire to settle and compromise the above-mentioned claim on the terms set forth herein; and

WHEREAS, the Creditor has agreed to pay, and Debtors have agreed to accept, the sum of $52,500.00, in full and final settlement of Creditor's alleged liability for the avoidance and recovery of preferential payments ("Settlement Amount"),

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the Debtors and the Creditor hereby stipulate and agree, subject to the approval of the Court, as follows:

1. The Creditor shall pay the Debtor the sum of $52,500.00, in five equal monthly payments of $10,500.00 each. The first payment shall be made on or before July 1, 2003, and the final payment shall be made on or before November 1, 2003. Upon final payment of the Settlement Amount, in accordance with the terms of this Settlement Agreement, any and all claims by the Debtors or the creditors including the Committee of Unsecured Creditors ("Committee") for the avoidance and recovery of preferential payments under 11 U.S.C. § 547 and all other avoidance actions under Chapter 5 of the Bankruptcy Code, shall be deemed fully settled and released.

2. The Parties have stipulated to execute a final judgment (the "Judgment"), a copy of which is attached hereto as Exhibit "A," in the amount of $182,722.08, to be entered solely upon Creditor's default under the terms of this Settlement Agreement, if Creditor fails to cure such default upon notice of default by the Debtors, as set forth herein. In the event Creditor fails to make monthly settlement payments to the Debtors in accordance with the terms of this Settlement Agreement, the Debtors shall provide written notice of default ("Notice of Default") to Creditor. If Creditor fails to cure such default within ten (10) days of the date of the Notice of Default, the Judgment will be immediately entered and executed upon by the Debtors in the full amount of the Judgment (less credit for prior payments made against

the Settlement Amount). The Parties agree that timely monthly payments, in accordance with this Settlement Agreement, constitute satisfaction of the Judgment. The Parties agree that the Debtors are entitled to execute the Judgment immediately upon Creditor's failure to cure a default under the terms of this Settlement Agreement within ten (10) days of Notice of Default. Notice of Default shall be served via facsimile <u>and</u> next day delivery to Creditor's attorneys of record.

3. It is understood that this settlement is a compromise of a disputed claim and that any payment made hereunder is not to be construed as an admission of any liability for preferential payments and this agreement is intended to fully resolve and settle all claims under 11 U.S.C. § 547 and all other avoidance actions under Chapter 5 of the Bankruptcy Code, which could have been asserted by the Debtors against the Creditor, its predecessors, successors, partners, principals, members, employees, officers, agents, affiliates, heirs and assigns.

4. The Parties enter into this Settlement Agreement for purposes of compromise. There is legal and valuable consideration for this Settlement Agreement.

5. Upon the date of this Settlement Agreement, the Creditor shall be deemed to have released any claim or cause of action against the Debtors or their employees, officers, directors, agents or attorneys. Upon the Creditor's payment of the Settlement Amount, in accordance with the terms herein, the Debtors shall be deemed to have released any claim or cause of action against the Debtors or their employees, officers, directors, agents or attorneys.

6. Creditor represents that the execution and performance of this Settlement Agreement does not require the authorization or approval of any other person, and does not violate any court order or injunction.

7. This Settlement Agreement is binding upon the Parties, and is subject to Court approval as required by Bankruptcy Rule 9019(b). On or about September 19, 2002, the United States Bankruptcy Court of the District of Arizona entered the Order Approving Debtors' Motion to Establish Settlement Procedures and Parameters Regarding Preference Claims Pursuant to Bankruptcy Rule 9019(b) (the "Order"). The Order is attached herewith as Exhibit "B."

8. Any claim by the Debtors for the avoidance and recovery of alleged preference payments from the Creditor under 11 U.S.C. § 547 and all other avoidance actions under Chapter 5 of the Bankruptcy Code in the Case shall be hereinafter barred upon Court approval of the compromise.

9. Upon clearance of the final Settlement Payment, the Debtors shall dismiss with prejudice the Adversary Proceeding relating to its preference claims against the Creditor.

10. Creditor waives its right to seek a resultant claim pursuant to 11 U.S.C. §502(h).

11. If applicable, the Creditor's existing Proof of Claim shall be unaffected by this Settlement Agreement.

12. This Settlement Agreement shall be construed in accordance with Arizona law. In the event of a breach of this Settlement Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and expenses from the loser as determined in a final, unappealable order by a court of competent jurisdiction.

13. There are no other agreements or understandings of the Parties concerning the subject matter of this Settlement Agreement.

14. This Settlement Agreement may be amended only in a written document signed by the Parties.

15. Each Party agrees in good faith to take such further actions and execute such further documents as may be necessary or appropriate to fully carry out the intent and purposes of this Settlement Agreement.

16. This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. A fax signature shall be the same as an original signature.

17. The United States Bankruptcy Court for the District of Arizona shall retain jurisdiction to enforce this Settlement Agreement.

18. This Settlement Agreement is binding on the Parties hereto, their affiliates and all those acting in concert or participation with them or under their direction or control, and upon their successors and assigns.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed by themselves or on their behalf by their respective attorneys as of the date first above mentioned.

**RNA CORPORATION**
c/o Daniel E. Beederman
SCHOENBERG, FISHER, NEWMAN &
   ROSENBERG, LTD.
222 South Riverside Plaza
Suite 2100
Chicago, Illinois 60606
Fax: 312-648-1212

By: _____

Its: _____

RETURN WITH **FIRST PAYMENT** IN THE AMOUNT OF $10,500.00
PAYABLE TO            Styling Technology Corporation
ON OR BEFORE          July 1, 2003
                      c/o Greenberg Traurig, LLP
                      Keriann M. Atencio
                      2375 East Camelback Road, Suite 700
                      Phoenix, AZ 85016

**EACH MONTHLY PAYMENT OF $10,500.00 SHOULD BE RECEIVED ON OR BEFORE THE 1st OF EACH MONTH. THE SETTLEMENT PAYMENT OF $52,500.00 SHOULD BE SATISFIED NO LATER THAN NOVEMBER 1, 2003.**

3

STYLING TECHNOLOGY CORPORATION, et al.

By: *[signature]*
Michael T. Reynolds, Esq.
Keriann M. Atencio, Esq.
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, AZ 85016
Attorneys for Liquidation Trustee

4

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br>STYLING TECHNOLOGY CORPORATION, et al.,<br><br>Debtors. | In Proceedings Under<br>Chapter 11<br><br>Case No. 00-09473-ECF-CGC<br>through 00-09483-ECF-CGC<br>(Jointly Administered) |
| STYLING TECHNOLOGY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RNA CORPORATION,<br><br>Defendant. | Adversary Proceeding No. 02-1055<br><br>**JUDGMENT** |

Upon the agreement of STYLING TECHNOLOGY CORPORATION, et al., ("Styling" or the "Debtors") and RNA CORPORATION, (the "Creditor") (collectively, the "Parties") and based upon the Settlement Agreement dated May 19, 2003, and good cause appearing therefor,

**IT IS HEREBY ORDERED** entering Judgment in this matter in favor of Styling and against the Creditor, for the sum of One Hundred Eighty-Two Thousand Seven Hundred Twenty-Two and 08/100ths Dollars ($182,722.08). The Judgment shall accrue interest at ten percent (10%) per annum.

**IT IS HEREBY FURTHER ORDERED** each of the Parties is to bear its own costs and fees.

IT IS SO ORDERED this ___ day of _____, 2003.

_____
THE HONORABLE CHARLES G. CASE, JUDGE,
U.S. BANKRUPTCY COURT

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

-2-

# EXHIBIT B


SEP 13 2002

KEVIN... CLERK
UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>STYLING TECHNOLOGY CORPORATION, et al.,<br><br>Debtors.<br><br>THIS FILING APPLIES TO:<br><br>☒ ALL DEBTORS OR<br>☐ SPECIFIED DEBTORS | In Proceedings Under Chapter 11<br><br>Case Nos. 00-09473 through 00-09483-ECF-CGC<br><br>Jointly Administered<br><br>ORDER APPROVING MOTION TO ESTABLISH SETTLEMENT PROCEDURES AND PARAMETERS REGARDING PREFERENCE CLAIMS PURSUANT TO BANKRUPTCY RULE 9019(b) |

This Court having received and considered the *Motion to Establish Settlement Procedures and Parameters Regarding Preference Claims Pursuant to Bankruptcy Rule 9019(B)* (the "Motion") filed on August 13, 2002, and for good cause appearing for the granting of the relief sought in the Motion:

IT IS HEREBY ORDERED and ADJUDGED that:

1. The Motion is hereby GRANTED;

MIAMI3:647126.1

2. Styling Technology Corp. ("STC"), debtor and debtor in possession, together with its debtor subsidiaries, (collectively the "Debtors"), shall settle Preference Claims, as that term is defined in the Motion, pursuant to the Motion as follows:

a.) **Net Preference Claims Less Than $5,000:**[1]

The Debtors, and any successor in interest, will be free to consummate settlements in this class in their business judgment without further leave of this Court or additional notice to the parties that have been served with this Motion;

b.) **Claims Between $5,001 and $20,000:**

Provided that a proposed settlement represents <u>a minimum recovery of at least 50%</u> of the Net Preference Claim, Debtors, and any successor in interest, will be free to consummate settlements in their business judgment without further leave of this Court or additional notice to the parties that have been served with this Motion;

c.) **Claims Between $20,001 and $100,000:**

Provided that a proposed settlement represents <u>a minimum recovery of at least 75%</u> of the Net Preference Claim, Debtors, and any successor in interest, will be free to consummate settlements in their business judgment without further leave of this Court or additional notice to the parties that have been served with this Motion; and

d.) **Claims Greater Than $100,001:**

Provided that a proposed settlement represents <u>a minimum recovery of at least 85%</u> of the balance due, Debtors, and any successor in interest, will be free to consummate settlements in their business judgment without further leave of this Court or additional notice to the parties that have been served with this Motion.

---

[1] The term "net preference claim" as used herein means the total preference period transfers made to a creditor, less (i) the value to the Debtors of subsequent extensions of credit ("new value"), and (ii) that portion of payments that were made to satisfy obligations that were less than 30 days past due at the time of the transfer.

MIAMI3:647126.1

-2-

Should any proposed settlement not comply with the parameters set forth in Paragraphs a through d, such proposed settlement shall be noticed to the Official Committee of Unsecured Creditors (the "Committee"), the United States Trustee and to creditors who have requested special notice under Bankruptcy Rule 2002 (the "Notice Parties"). The Notice shall include a general description of the claim, including the name of the account debtor, the amount of the claim, and the proposed settlement amount. Unless a Notice Party files with the Court and serves upon the Debtors an objection to the proposed compromise within 15 days of service of the Notice, the Debtors shall be free to consummate the compromise without necessity of further notice or order of this Court.

3. The pending settlements of Preference Claims that fall within the above-stated parameters that the Debtors have received prior to the date of this Order, are hereby APPROVED; and

4. The Debtors shall serve a copy of this Order upon all parties of record, and include a copy of the Order upon settlement of any preference claims.

SO ORDERED this _13_ day of September, 2002.

_____
Judge Charles G. Case, II

MIAMI3:647126.1

-3-

# EXHIBIT B



```
                                                    SEP 1 3 2002

                                                    KEVIN E. ...  CLERK
                                                    UNITED STATES
                                                    BANKRUPTCY COURT
                                                    FOR THE DISTRICT OF ARIZONA
```

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| In re<br><br>STYLING TECHNOLOGY<br>CORPORATION, et al.,<br><br>Debtors.<br><br>THIS FILING APPLIES TO:<br><br>☒ ALL DEBTORS OR<br>☐ SPECIFIED DEBTORS | In Proceedings Under<br>Chapter 11<br><br>Case Nos. 00-09473 through<br>00-09483-ECF-CGC<br><br>Jointly Administered<br><br>ORDER APPROVING MOTION TO ESTABLISH SETTLEMENT PROCEDURES AND PARAMETERS REGARDING PREFERENCE CLAIMS PURSUANT TO BANKRUPTCY RULE 9019(b) |
|---|---|

This Court having received and considered the *Motion to Establish Settlement Procedures and Parameters Regarding Preference Claims Pursuant to Bankruptcy Rule 9019(B)* (the "Motion") filed on August 13, 2002, and for good cause appearing for the granting of the relief sought in the Motion:

IT IS HEREBY ORDERED and ADJUDGED that:

1. The Motion is hereby GRANTED;

MIAMI3:647126.1

2. Styling Technology Corp. ("STC"), debtor and debtor in possession, together with its debtor subsidiaries, (collectively the "Debtors"), shall settle Preference Claims, as that term is defined in the Motion, pursuant to the Motion as follows:

    a.) **Net Preference Claims Less Than $5,000:**[1]

The Debtors, and any successor in interest, will be free to consummate settlements in this class in their business judgment without further leave of this Court or additional notice to the parties that have been served with this Motion;

    b.) **Claims Between $5,001 and $20,000:**

Provided that a proposed settlement represents <u>a minimum recovery of at least 50%</u> of the Net Preference Claim, Debtors, and any successor in interest, will be free to consummate settlements in their business judgment without further leave of this Court or additional notice to the parties that have been served with this Motion;

    c.) **Claims Between $20,001 and $100,000:**

Provided that a proposed settlement represents <u>a minimum recovery of at least 75%</u> of the Net Preference Claim, Debtors, and any successor in interest, will be free to consummate settlements in their business judgment without further leave of this Court or additional notice to the parties that have been served with this Motion; and

    d.) **Claims Greater Than $100,001:**

Provided that a proposed settlement represents <u>a minimum recovery of at least 85%</u> of the balance due, Debtors, and any successor in interest, will be free to consummate settlements in their business judgment without further leave of this Court or additional notice to the parties that have been served with this Motion.

---

[1] The term "net preference claim" as used herein means the total preference period transfers made to a creditor, less (i) the value to the Debtors of subsequent extensions of credit ("new value"), and (ii) that portion of payments that were made to satisfy obligations that were less than 30 days past due at the time of the transfer.

MIAMI3:647126.1

-2-

Should any proposed settlement not comply with the parameters set forth in Paragraphs a through d, such proposed settlement shall be noticed to the Official Committee of Unsecured Creditors (the "Committee"), the United States Trustee and to creditors who have requested special notice under Bankruptcy Rule 2002 (the "Notice Parties"). The Notice shall include a general description of the claim, including the name of the account debtor, the amount of the claim, and the proposed settlement amount. Unless a Notice Party files with the Court and serves upon the Debtors an objection to the proposed compromise within 15 days of service of the Notice, the Debtors shall be free to consummate the compromise without necessity of further notice or order of this Court.

3. The pending settlements of Preference Claims that fall within the above-stated parameters that the Debtors have received prior to the date of this Order, are hereby APPROVED; and

4. The Debtors shall serve a copy of this Order upon all parties of record, and include a copy of the Order upon settlement of any preference claims.

SO ORDERED this _13_ day of September, 2002.

_____
Judge Charles G. Case, II

MIAMI3:647126.1

-3-